# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 21, 2022
Lyle W. Cayce
Clerk

No. 22-50088

United States of America,

*Plaintiff—Appellee,*

versus

Samuel Jesus Avila,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-280-1
_____

Before Jones, Smith, and Graves, *Circuit Judges*.

Per Curiam:[*]

Samuel Avila pled guilty to receipt of a firearm while under indictment, in violation of 18 U.S.C. § 922(n). On appeal, he challenges the constitutionality of that statute. He also raises three challenges to the district court's application of three sentencing enhancements. All but one of these

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

arguments is raised for the first time on appeal, and all of them fail. We AFFIRM.

## I.

In August 2021, the police received a tip that Avila was distributing narcotics and possessed a firearm used in a murder. Avila had previously been arrested and indicted for armed burglary. He pled guilty to the burglary and was sentenced to an eight-year probation, adjudication deferred.

Soon after receiving the tip, officers detained Avila along with three other individuals. The four men had been seen smoking marijuana and then driving a car registered to one of Avila's family members. In plain view inside the car, the officers saw two firearms. The police obtained a search warrant for the car and found 1.05 ounces of marijuana, a digital scale, a Glock with a 31-round magazine, two stolen Smith & Wesson guns, and a stolen American Tactical AR-15.

The defendant admitted possessing the Glock, the marijuana, and the digital scale. He was charged with, and pled guilty to, receipt of the Glock while under indictment in violation of 18 U.S.C. § 922(n).

The presentence report (PSR) recommended enhancements, (1) because the offense involved three or more firearms, U.S.S.G. § 2K2.1(b)(1)(A); (2) because at least one of the firearms was stolen, U.S.S.G. § 2K2.1(b)(4); and (3) because the firearm was possessed in connection with another felony offense—in this case, drug trafficking-- U.S.S.G. § 2K2.1(b)(6)(B).

The district court adopted the PSR in full. The defendant appealed.

## II.

We address each of Avila's contentions in turn. First, because the defendant did not challenge the constitutionality of § 922(n) at trial, this

No. 22-50088

court reviews the decision below for plain error. FED. R. CRIM. P. 52(b). To show plain error, the defendant must demonstrate "(1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) that the plain error would affect his substantial rights; and (4) that not correcting the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Stockman*, 947 F.3d 253, 259 (5th Cir.), *cert. denied*, 141 S. Ct. 369 (2020) (brackets omitted). The parties focus their arguments on the second prong.

An error is only "plain" if there is no room for reasonable dispute. *United States v. Ramirez*, 37 F.4th 233, 235 (5th Cir. 2022). It follows that a "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). "Even where the argument requires only extending authoritative precedent, the failure of the district court to do so cannot be plain error." *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009). And "when any analogy to existing authority would be strained, the district court's actions cannot amount to plain error." *Stockman*, 947 F.3d at 260.

The defendant has failed to meet this standard. There is no binding precedent holding § 922(n) unconstitutional. Instead, the defendant urges this court to extend the decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) to an entirely new context—Section 922(n). To do so, this court would have to (a) survey the historical pedigree of similar laws and (b) adopt the defendant's interpretation of that history, thereby disagreeing with several other federal courts that confronted this issue post-*Bruen*. *See, e.g., United States v. Perez-Garcia*, 2022 WL 4351967, at *7 (S.D. Cal. Sept. 18, 2022) ("the Nation's historical tradition supports such targeted regulations" as § 922(n)); *United States v. Kays*, 2022 WL 3718519, at *5 (W.D. Okla. Aug. 29, 2022) (finding that there are

3

"proper historical analogues for § 922(n)"). All of this can be appropriate on *de novo* review. It is not consonant with a finding of plain error.

The parties agree that plain error review applies to the multiple-firearm enhancement. That enhancement applies "if the offense involved three or more firearms[.]" U.S.S.G. § 2K2.1(b)(1)(A). The commentary counsels courts to "count only those firearms that were . . . unlawfully possessed." U.S.S.G. § 2K2.1, app. n. 5.

Because the defendant has only admitted that he received the Glock while under indictment, he argues that the government never showed that his possession of the other guns in the car was unlawful. After all, § 922(n) does not bar the *possession* of weapons while under indictment, only their shipment, transport, or receipt.

Yet the record corroborates the enhancement. While possession and receipt are not equivalent, a finding of possession can support a finding of receipt. *United States v. Solomon*, 29 F.3d 961, 964 (5th Cir. 1994). True, "a felon may possess a firearm without having 'received' it; he may have manufactured the gun himself." *Ball v. United States*, 470 U.S. 856, 862, 105 S. Ct. 1668, 1672 & n.9 (1985). But the firearms in the backseat were made by American Tactical and Smith & Wesson, not the defendant. Thus, he must have received them at some point.

Moreover, there is good reason to believe the receipt occurred after indictment. The defendant was arrested in August 2020 for armed burglary, at which point it is likely that any guns in the defendant's possession would have been taken. He was indicted the next month. And the defendant's admission that he received the Glock after his indictment supports the proposition that he continued acquiring firearms during this time. In sum, it was not plain error for the district court to conclude, on the preponderance

of the evidence, that the defendant unlawfully received firearms while under indictment.

Next, plain error review applies to the stolen-firearm enhancement, U.S.S.G. § 2K2.1(b)(4), imposed because all three of the guns found in the backseat were stolen. The defendant asserts that, because he was not subject to the multiple-firearms enhancement, he was not responsible for the stolen guns in the backseat of the car. And since the Glock was not stolen, the district court erred by enhancing his sentence.

This argument fails for two reasons. First, the district court correctly imposed the multiple-firearms enhancement. Second, even if it erred, the stolen-firearms enhancement does not share the multiple-firearms enhancement's requirement of *unlawful* possession. The stolen firearm enhancement applies if *any* firearm was stolen. U.S.S.G. § 2K2.1(b)(4). Therefore, even if the defendant had *lawfully* possessed the stolen firearms, the enhancement would still apply. Consequently, the district court's application of the enhancement was not wrong, much less plain error.

Guideline § 2K2.1(b)(6)(B) imposes a four-level increase if the defendant "used or possessed any firearm . . . in connection with another felony offense." "Another felony" here means "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1, app. n. 14(C). This enhancement is automatically applied where the "other felony" is drug trafficking and the gun is found in proximity to drugs, drug-manufacturing materials, or drug paraphernalia. U.S.S.G. § 2K2.1, app. n. 14(B).

A "determination that a firearm was used or possessed in connection with another felony offense for purposes of U.S.S.G. § 2K2.1(b)(6)(B) is a factual finding that is reviewed for clear error." *United States v. Bass*,

996 F.3d 729, 742 (5th Cir. 2021). Therefore, the court should affirm if the decision below "is plausible in light of the whole record." *United States v. Blanco*, 27 F.4th 375, 382 (5th Cir. 2022).

In light of the whole record, it was plausible to conclude that the defendant had engaged in drug trafficking. Several facts support the conclusion. First is the presence in the car of a digital scale. As the district court stated, while it may be that "people use digital scales for personal use sometimes . . . they certainly use [them] for distribution." Second is the tip that the defendant was involved in drug trafficking. While an unverified tip is not sufficient evidence of criminal behavior by itself, the tip here corresponds with the other evidence. This court has inferred drug trafficking from similar fact patterns in the past. *United States v. Sharp*, 6 F.4th 573, 579 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1124 (2022) ("The presence of these guns and drug distribution materials [such as a digital scale] allowed the jury to infer an intent to distribute even if the quantities were consistent with personal use.") *See also United States v. Kates*, 174 F.3d 580, 582 (5th Cir. 1999) (noting that evidence "such as drug paraphernalia, guns, or large quantities of cash" may support an intent to distribute). Finally, defendant's possession of four guns is suggestive of drug trafficking. *United States v. Cooper,* 979 F.3d 1084, 1090 (5th Cir. 2020) ("firearms are common 'tools of the trade' of drug trafficking"), *cert. denied,* 141 S. Ct. 1715 (2021). At minimum, these circumstances indicate that the district court's decision was not clearly erroneous.

The judgment of conviction and sentence is AFFIRMED.